## Simon Masi v. Alex Laferriere

[306 A.2d 701]

No. 22-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

*Burgess & Kilmurry,* Montpelier, for Plaintiff.

*Henry R. Vanetti, Esq.,* of Richard E. Davis Associates, Barre, for Defendant.

**Daley, J.** The plaintiff instituted a civil action against the defendant in the nature of an action for malicious prosecution, and the action was tried by court in the District Court of Vermont, Unit No. 5, Washington Circuit. Findings of fact were made by the court without conclusions of law, as required under V.R.C.P. 52, and judgment was entered for the plaintiff to recover of the defendant damages in the sum of two hundred dollars and costs in the amount of eighteen dollars.

The defendant appeals to this Court contending that the judgment is not supported by the findings of fact, and that the findings of fact are not supported by the evidence. He also challenges the failure of court to find facts material to the issues presented.

Prior to the present action, the defendant in this cause instituted suit against the plaintiff to recover a claimed real estate commission which he claimed was due him from the plaintiff and his wife as a result of his finding a purchaser for their real estate located at 9 James Street in the City of Barre, Vermont. As an incident of such suit, all of the real estate of the present plaintiff was attached on October 1, 1958. The now plaintiff, Masi, was found to be not indebted to the defendant, and a judgment order was issued to this effect on February 14, 1967. By provision contained in the judgment order, all property of Mr. and Mrs. Masi was released from attachment.

On October 13, 1966, the plaintiff in this action applied for a real estate loan upon the James Street property. A title search revealed the existence of the attachment. The loan was approved by the bank; however, the proceeds were not to be disbursed until the attachment was released. This was accomplished on February 21, 1967, and the loan was made on February 28, 1967. The present action was brought on December 3, 1969.

The trial court took judicial notice of the findings of fact in the suit of *Laferriere* v. *Masi,* wherein it was found that

the plaintiff, Laferriere, had authorized the sale of the premises owned by the defendant and his wife without their consent. For this reason, the court found the Masis were not indebted to Mr. Laferriere and rendered the judgment of nonrecovery, previously set forth. Without any finding upon the issue of malice or probable cause, essential elements in the present suit to be established by the plaintiff if he were to recover, the court proceeded to find upon the question of damages, which the defendant challenges in this appeal.

During the course of the hearing, the plaintiff claimed that he had suffered a financial loss because of the delay in obtaining the loan to enable him to start a printing business. After finding that there was no independent evidence of such claimed financial loss, the court concluded:

> "The court feels that Simon Masi's inability to get the loan may have had some detrimental effect on his ability to get his printing business going and resulted in his having to turn down some of the early orders. Accordingly, the court finds . . . damages to be in the amount of $200 plus court costs."

The record is devoid of any testimony demonstrating a monetary loss suffered by the plaintiff. Such finding can only be based upon speculation and conjecture. The finding not being supported by any evidence in the record must be set aside as being clearly erroneous. *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 298 A.2d 846 (1972) ; V.R.C.P. 52.

In an action for malicious prosecution, the court must find malice, lack of probable cause, and damages in order to render a judgment in favor of the plaintiff. *Northern Oil Company, Inc.* v. *Soconomy Mobil Oil Co., Inc.*, 347 F.2d 81 (2d Cir. 1965). See also *Powell* v. *Woodbury*, 85 Vt. 504, 513–14, 83 A. 514 (1912). The judgment not being supported by the findings of fact is reversed and cause remanded for a new trial on all issues.

*Reversed and remanded.*